NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0279 R

BRODDIE LACOSTE

VERSUS

PETER DAVENPORT, WILLIE DAISY, ENID DAISY
AND W&E OYSTERS, INC.

*Judgment Rendered:* SEP 1 9 2024

\* \* \* \* \* \* \* \*

Appealed from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Case No. 192008, Division E

The Honorable Randall L. Bethancourt, Judge Presiding

\* \* \* \* \* \* \* \*

Jerri G. Smitko
Houma, Louisiana

Counsel for Defendants/Appellants
Willie Daisy, Enid Daisy, and
W&E Oysters, Inc.

Marcus J. Plaisance
Mark D. Plaisance
Prairieville, Louisiana

Counsel for Plaintiff/Appellee
Broddie Lacoste

\* \* \* \* \* \* \* \*

BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

Defendant-Appellants, Willie Daisy, Enid Daisy, and W&E Oysters Inc. (collectively, "the Daisys"), appeal the 32nd Judicial District Court's November 28, 2022 default judgment, which rendered judgment in favor of Plaintiff-Appellee, Broddie Lacoste, and against Defendant-Appellants. After reviewing the record, this court determined that the November 28, 2022 default judgment lacked the appropriate decretal language, as it found Willie Daisy, Enid Daisy, and W&E Oysters all to be liable but failed to state with specificity the amount for which each defendant was liable or whether all claims have been resolved as to a fourth defendant, Peter Davenport.[1] On August 24, 2023, we remanded the matter for the limited purpose of correcting the above-mentioned deficiencies.

On August 31, 2023, the trial court signed an amended judgment, ruling against Willie Daisy, Enid Daisy, W&E Oysters, and Peter Davenport and allocating 25% fault to each. On appeal, this court set aside the August 31, 2023 amended judgment, finding that the August 31, 2023 amended judgment impermissibly changed the substance of the November 28, 2022 judgment.[2] This court reiterated that the remaining judgment (the November 28, 2022 default judgment) was not a final, appealable judgment, and dismissed the appeal. Following its grant of supervisory writs, the Supreme Court of Louisiana

---

[1] A final judgment in accordance with La. C.C.P. art. 1841 shall be identified as such by appropriate language; shall be signed and dated; and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded. If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with La. C.C.P. art. 1951 within the time set by the appellate court. La. C.C.P. art. 1918(A).

[2] The amendment of a judgment is governed by La. C.C.P. art. 1951, which provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. **A final judgment may not be amended under this Article to change its substance.** (Emphasis added.)

2

determined that this court had erred in dismissing the appeal, reinstated the appeal, and remanded the matter to this court for the purposes of issuing a second interim order instructing the trial court to supplement the record on appeal with an amended judgment in compliance with this court's August 24, 2023 interim order and the provisions of La. Code Civ. P. arts. 1918 and 1951. See *Lacoste v. Davenport*, 2023-0279 (La. App. 1 Cir. 11/3/23), 2023 WL 7271060, at *3, writ granted, cause remanded, 2023-01589 (La. 2/6/24), 378 So.3d 730.

Accordingly, on May 28, 2024, we remanded this matter for the limited purpose of instructing the trial court to sign a second amended judgment in compliance with this court's August 24, 2023 interim order and the provisions of La. Code Civ. P. arts. 1918 and 1951. On August 16, 2024, the trial court signed a new judgment granting a motion for nullity filed by the Daisys and nullifying the November 28, 2022 judgment such that it would have no effect. The August 16, 2024 judgment was supplemented into the appellate record on the same date.

An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate. That is, jurisdiction, once established, may abate if the case becomes moot. The controversy must normally exist at every stage of the proceeding, including appellate stages. *In re E.W.*, 2009-1589 (La. App. 1 Cir. 5/7/10), 38 So.3d 1033, 1037. Because the trial court nullified the judgment being challenged by the Daisys, which was the sole basis of their appeal, the appeal by the Daisys' is now moot and a rendered judgment or decree would serve no useful purpose.

3

For these reasons, we dismiss the appeal. Each party is to bear its own costs.[3]

**APPEAL DISMISSED.**

---

[3] This opinion issued in accordance with Uniform Rules-Courts of Appeal Rule 2-16.2(A)(3).